IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN GODWIN SWANSON,** #34056-058, | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 22-cv-02302-JPG |
| USA and JAN NOVOTNEY, LINDSAY OWINGS, JEN WEBER, SARAH DETRICK, J. MUNNEKE, MS. EMERY, and DAN HUGGINS, | ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Benjamin Swanson, an inmate in the custody of the Federal Bureau of Prisons (FBOP) and housed at the United States Penitentiary in Marion, Illinois (USP-Marion), brings this action pursuant to the Federal Tort Claims Acts (FTCA), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1). In the Complaint, Plaintiff names the United States and USP-Marion officials in connection with injuries that include: (1) damage to PDS-BEMR records; (2) damage to his HIPAA rights; (3) negligent infliction of emotional distress; (4) professional negligence and malpractice; (5) failure to maintain accurate records; and (6) injury by staff misconduct.[1]  (*Id*. at 7).  Plaintiff offers no allegations in support of these injuries.  (*Id*.).  He seeks monetary relief.  (*Id*. at 7).

---

[1] This misconduct allegedly includes careless workmanship, falsification of records, damage to property, criminal and disgraceful conduct, and unauthorized dissemination of official information.  (Doc. 1, p. 6).

1

The Complaint is before the Court for review 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Plaintiff brings this action pursuant to the FTCA, which authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1) (emphasis added).  The "only proper defendant in an FTCA action is the United States."  *See* 28 U.S.C. § 2679(b); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Although the United States is named as a defendant, Plaintiff does not explain why.  The Complaint contains no statement of claim and no allegations against this defendant.  He merely lists injuries that he allegedly suffered.  This list lacks context.  The Court is unable to determine whether Plaintiff has any FTCA claim for money damages against the United States for personal injury caused by the wrongful conduct of a federal employee.  The FTCA claim shall be dismissed without prejudice against the United States.

Plaintiff names several prison officials as defendants as well.  However, he cannot bring an FTCA claim against federal officials or agencies.  *Id*.  The FTCA claim shall be dismissed with prejudice against these individuals.

If Plaintiff intended to sue individual federal agents for money damages for violating his constitutional rights, he could have brought the action under 28 U.S.C. § 1331 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  He did not.  Plaintiff also did not mention any constitutionally protected rights that these individuals violated.  Accordingly, any *Bivens*-type claim should be considered dismissed without prejudice.

The Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim.  Plaintiff will have an opportunity to file a First Amended Complaint if he intends to pursue his claims in this case.  Plaintiff is reminded that a successful complaint generally alleges "the who, what, when, where, and how. . . ."  *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  Therefore, the First Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how and when Plaintiff's rights were violated.  Plaintiff must also comply with the deadline and instructions for filing his amended complaint below.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The FTCA claim against Defendant **USA** is **DISMISSED** without prejudice, and the FTCA claim against Defendants **JAN NOVOTNEY, LINDSAY OWINGS, JEN WEBER, SARAH DETRICK, J. MUNNEKE, MS. EMERY,** and **DAN HUGGINS** is **DISMISSED** with prejudice.

The Clerk's Office is **DIRECTED** to **TERMINATE** the **JAN NOVOTNEY, LINDSAY OWINGS, JEN WEBER, SARAH DETRICK, J. MUNNEKE, MS. EMERY,** and **DAN HUGGINS** as defendants in CM/ECF.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **April 14, 2023**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 22-cv-2302-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint and whether he is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk is DIRECTED to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.**

**IT IS SO ORDERED.**

**DATED: 3/14/2023**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**