**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BENJAMIN GODWIN SWANSON,** | ) | |
| **#34056-058,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-02302-JPG** |
| | ) | |
| **USA,** | ) | |
| **J. NOVOTNEY,** | ) | |
| **L. OWINGS,** | ) | |
| **J. WEBER,** | ) | |
| **S. DETRICK,** | ) | |
| **J. MUNNEKE,** | ) | |
| **MS. EMERY,** | ) | |
| **and D. HUGGINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Benjamin Swanson, an inmate in the custody of the Federal Bureau of Prisons (FBOP) and housed at the United States Penitentiary in Marion, Illinois (USP-Marion), brings this action pursuant to the Federal Tort Claims Acts (FTCA), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 15). In the Amended Complaint, Plaintiff claims that he was removed from USP-Marion's Sex Offender Management Program (SOMP) and punished with solitary confinement, among other things, when USP-Marion psychologists and/or other officials falsified his records by stating that he declined treatment and participation in SOMP on or around March 18, 2020. (*Id*.). He names the United States and USP-Marion officials for professional negligence and negligent infliction of emotional distress. (*Id*.). Plaintiff seeks correction of his records and money damages. (*Id*. at 7).

The First Amended Complaint is before the Court for review 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court designates the following claims in the *pro se* First Amended Complaint:

**Count 1:** FTCA claim arising under Illinois law for medical negligence or malpractice that occurred at USP-Marion when USP-Marion officials falsified Plaintiff's records and stated that he declined treatment and participation the SOMP on or around March 18, 2020.

**Count 2:** FTCA claim arising under Illinois law for the negligent infliction of emotional distress that occurred at USP-Marion on and after March 18, 2020, when USP-Marion officials falsified Plaintiff's records and stated that he declined treatment and participation the SOMP resulting in his punishment with solitary confinement, among other things.

**Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

### Discussion

Plaintiff brings this action against the United States and USP-Marion officials under the FTCA, which authorizes civil actions on claims against the United States, for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.  28 U.S.C. § 1346(b)(1) (emphasis added).  Under the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials."  *Buechel v. United States*, 746

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

F.3d 753, 758 (7th Cir. 2014).  The FTCA's jurisdictional grant only covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (citing *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances.")).  FTCA claims are governed by the substantive law of the place where the alleged acts or omissions constituting negligence or malpractice occurred.  28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978).  The acts of omissions giving rise to both claims occurred in Illinois, so Illinois law applies to Counts 1 and 2.

## Count 1

To state a negligence claim under Illinois law, Plaintiff must set forth allegations suggesting that the defendant owed the plaintiff a duty of care, breached that duty, and the breach was the proximate cause of the plaintiff's injury and damages.  *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).  Moreover, a medical negligence or malpractice claim also requires compliance with 735 ILL. COMP. STAT. § 5/2-622(a)-(b) (West 2017).  Under § 5/2-622, Plaintiff must file an affidavit stating that there is a reasonable and meritorious cause for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit.  *Young v. United States*, 942 F.3d 349 (7th Cir. 2019).  Plaintiff has set forth allegations suggesting that he was removed from SOMP as a result of wrongful or negligent conduct of USP-Marion's psychologists (and other staff).  But, he has filed no physician's report and no affidavit in support of Count 1.  His failure to do so is not dispositive of

his claim at this early stage but will be fatal to his claim if not submitted before summary judgment. *Id.* Count 1 shall proceed against the United States.

### Count 2

A plaintiff bringing a claim under Illinois law for negligent infliction of emotional distress must also allege the "traditional elements" of negligence, including duty, breach, causation, and damages. *Schweihs v. Chase Home. Fin., LLC*, 2016 IL120041, at ¶ 31 (2016); *Harris v. United States*, No. 13-CV-8584, 2017 WL 770969, at *6 (N.D. Ill. Feb 28, 2017). Plaintiff sets forth sufficient allegations to state a claim for negligent inflict of emotional distress at this early stage. Accordingly, Count 2 also survives screening against the United States.

### Proper Defendant

The United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Plaintiff names this defendant, but he also names individual officers as defendants. The individual officers were already dismissed with prejudice from this FTCA action and remain dismissed. (*See* Doc. 14). Counts 1 and 2 shall proceed against the United States.

### <u>Disposition</u>

**IT IS ORDERED** that the First Amended Complaint (Doc. 15) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will receive further review against Defendant **UNITED STATES**. <u>**The Clerk is DIRECTED to enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**</u>

**IT IS ORDERED** that **COUNTS 1** and **2** are **DISMISSED** with prejudice against Defendants **J. NOVOTNEY, L. OWINGS, J. WEBER, S. DETRICK, J. MUNNEKE, MS. EMERY,** and **D. HUGGINS**.

**IT IS ORDERED** that as for **COUNTS 1** and **2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**.  The Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the First Amended Complaint (Doc. 15), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 15) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/22/2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve the defendant with a copy of your amended complaint.  After service has been achieved, the defendant will enter an appearance and file an Answer.  It will likely take at least **60 days** from the date of this Order to receive the defendant's  Answer, but it is entirely possible that it will take **90 days** or more.  When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.   Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions.  Motions filed before defendant's counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**