IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN GODWIN SWANSON,** **#34056-058,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 22-cv-02302-JPG |
| USA, | ) ) ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendant USA's Motion to Dismiss (Doc. 24) and Plaintiff Benjamin Swanson's Motion to Dismiss (Doc. 40). For the reasons set forth herein, Defendant USA's motion (Doc. 24) shall be **GRANTED** and Plaintiff's motion (Doc. 40) **DENIED**.

### BACKGROUND

Benjamin Swanson is in the custody of the Federal Bureau of Prisons (BOP). He brings this action pursuant to the Federal Tort Claims Acts (FTCA), 28 U.S.C. §§ 1346, 2671-2680, to challenge his removal from the Sex Offender Management Program (SOMP) and punishment with solitary confinement at the United States Penitentiary in Marion, Illinois (USP-Marion). Plaintiff claims that prison officials falsified his BOP records to reflect his refusal to participate in treatment. (Doc. 15). He seeks money damages against the United States for the BOP officials' medical negligence and negligent infliction of emotional distress. *Id*.

Following preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with the following claims:

1

    **Count 1:**    FTCA claim arising under Illinois law for medical negligence or malpractice that occurred at USP-Marion when USP-Marion officials falsified Plaintiff's records and stated that he declined treatment and participation the SOMP on or around March 18, 2020.

    **Count 2:**    FTCA claim arising under Illinois law for the negligent infliction of emotional distress that occurred at USP-Marion on and after March 18, 2020, when USP-Marion officials falsified Plaintiff's records and stated that he declined treatment and participation the SOMP resulting in his punishment with solitary confinement, among other things.

(Doc. 18). In lieu of an answer, Defendant moved to dismiss both claims (Doc. 24), and Plaintiff opposed the motion (Docs. 36 and 40).

## MOTIONS TO DISMISS

**A.**    **Defendant's Motion (Doc. 24)**

Defendant requests dismissal of Counts 1 and 2 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)) and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)). (Doc. 24) (citing *Brownback v. King*, 141 S.Ct. 740, 749 (2021) (noting that a plaintiff bringing an FTCA claim must "plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject matter jurisdiction.")). Although he relies on two separate legal grounds for dismissal, Defendant makes the same arguments in support of both. According to Defendant, Counts 1 and 2 trigger the FTCA's intentional tort exception in 28 U.S.C. § 2680(h) because both claims arise from false, fraudulent, or deceitful misrepresentations made in Plaintiff's BOP records. (Doc. 24, p. 7) (citing Doc. 15, pp. 2, 3, 5-8). In addition, Plaintiff describes no physical injury that prompted his claims, as required under controlling Illinois law.[1] (Doc. 24, pp. 2-3).

---

[1] The Court decides the pending motion on the first argument and not the second.

2

**B.     Plaintiff's Response and Motion (Docs. 36 and 40)**

Plaintiff opposes Defendant's motion. (Docs. 36 and 40). He argues that he suffered physical injury in the form of damage to his property and "other things," as a result of the defendant's abuse of process, HIPAA violations, and Privacy Act violations. (Doc. 36, pp. 1-2). He asks the Court to simply strike or dismiss the pending motion. (Doc. 40, p. 1).

**C.     Defendant's Reply (Docs. 37 and 41)**

In reply, Defendant points out that no claim for abuse of process, HIPAA violations, or Privacy Act violations survived screening (Doc. 37), and Plaintiff offers no basis for dismissing or striking Defendant's properly filed and timely motion. (Doc. 41).

## APPLICABLE LEGAL STANDARDS

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When presented with a Rule 12(b)(6) motion, the Court accepts well-pleaded facts in the complaint as true and draws all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). Then, the Court considers whether the complaint alleges enough factual information to "state a claim to relief that is plausible on its face" and "raise[s] a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is not required to plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.

Rule 12(b)(1) permits dismissal of any claim over which a federal court lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Here, Plaintiff has the burden of proving that subject matter jurisdiction exists. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). Defendant can challenge the court's subject matter jurisdiction in two ways under this rule. First, the defendant may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff akin to a Rule 12(b)(6) motion. *Lee*, 330 F.3d at 468. Second, where a complaint is facially sufficient, the defendant may challenge the actual facts establishing jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). To resolve a challenge to the facts, a court may receive and weigh evidence outside the complaint. *Id.*

## ANALYSIS

Plaintiff brings this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. The FTCA creates a limited waiver of sovereign immunity that allows injured parties to bring civil actions for money damages against the United States for loss of property, personal injury, death, or other injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment. 28 U.S.C. § 1346(b)(1). Federal inmates may bring suit under the FTCA for injuries they sustain in custody as a consequence of prison officials' negligence. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Plaintiff's FTCA claims for medical

4

negligence (Count 1) and negligent infliction of emotional distress (Count 2) both survived screening under 28 U.S.C. § 1915A.

The primary question presented here is whether Plaintiff's claims actually stem from an intentional tort, rather than negligence. If so, the FTCA's intentional tort exception in 28 U.S.C. § 2680(h) controls. Under the exception, the United States retains sovereign immunity for claims arising from intentional torts. *Id*. The list of torts that trigger the FTCA's intentional tort exception includes deceit and misrepresentation, among others. 28 U.S.C. § 2680(h). Deceit encompasses intentional falsehoods, while misrepresentation includes negligent misstatements. *Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991). Claims that are framed as negligent misrepresentation may still be barred under the intentional tort exception in § 2680(h). *United States v. Neustadt*, 366 U.S. 696, 702 (1961). In other words, the intentional tort exception applies, regardless of the technical terms used to characterize a claim. *Deloria v. Veterans Administration*, 927 F.2d 1009 (7th Cir. 1991).

Plaintiff frames his two claims as negligence—*i.e.*, medical negligence and negligent infliction of emotional distress, but it is clear, upon closer examination, that both claims arise from allegations of deceit and misrepresentation. Plaintiff alleges that "[o]n March 18th, 2020 at approximately 10:00 a.m. ALL SOMP 'psychologists' deliberately & surreptitiously altered [his] PDS records by falsifying information which adversly [sic] affected [him]." (Doc. 15, p. 2). BOP staff allegedly "enter[ed] a falsified note in [Plaintiff's] PDS record" stating that Plaintiff "decided to decline [SOMP] treatment." *Id*. at 3. As a result, he was taken to solitary confinement in a manner that was physically degrading[2] and intended to humiliate him. *Id*. at 2. He became "emotionally upset over the campaign of lies, abuse, and disrespect of staff." *Id*. at 9. Plaintiff

---

[2] Plaintiff was forced to walk barefoot around the housing unit. *Id*.

5

repeatedly refers to the "fabricated" and "false statement[s]," "falsification[s]" and "falsehoods" in his records, and "intentional delays" in delivering the records to him. *Id*. at 5-7. He characterizes BOP officials' conduct as "subterfuge" (*id*. at 4), "sabotage[e]" (*id*. at 5), "fraud by falsification" (*id*. at 6), "blatant lie[s]" (*id*.), and "lies and corruption." (*id.* at 10). Throughout the First Amended Complaint, Plaintiff makes it clear that BOP officials acted intentionally, fraudulently, and deceitfully when they falsified his BOP records and misrepresented that he refused treatment. (Doc. 15). Both of his claims arise from these allegations of deceit and misrepresentation and consequently trigger the FTCA's intentional tort exception.

The Seventh Circuit has held that a claim based on deliberate falsification of official records is "precisely the kind barred by the FTCA's exception for misrepresentation and deceit." *Omegbu v. United States*, 475 F. App'x 628, 629 (7th Cir. 2012). In *Omegbu*, the plaintiff filed an FTCA claim against the United States after immigration officials placed a third party's arrest record in his immigration file and caused the denial of his application for naturalization. *Id*. at 628. The claim was dismissed for lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(1) and (6) after a magistrate judge determined that it fell "squarely" within the intentional tort exception to the FTCA's waiver of sovereign immunity. *Id*. at 629. On appeal, the Seventh Circuit Court of Appeals affirmed dismissal of the claim on the merits[3] after concluding that the FTCA's intentional tort exception bars claims against the United States for the willful mishandling of records. *Id*. (citations omitted).

The Seventh Circuit earlier held that an FTCA claim for conspiracy to distort medical records and misrepresent the law triggers the exception for misrepresentation and deceit. *Deloria*,

---

[3] The Seventh Circuit affirmed dismissal on the merits, while clarifying that the intentional tort exception is a mandatory rule of decision and not a restriction on subject-matter jurisdiction. *Id*. at 629.

927 F.2d at 1011-12.  The gravamen of the claim in *Deloria* was that federal officials deliberately misrepresented and distorted the plaintiff's medical records, resulting in the denial of disability benefits.  *Id*. at 1012.  Like the district court, the Seventh Circuit rejected the plaintiff's attempts to "sidestep the statutory limits of the FTCA by artfully couching his complaint in different jargon and pleading that VA officials conspired to deprive him of his benefits through alteration of his records."  *Id*.  The Seventh Circuit affirmed the district court's dismissal of the claim and reasoned that the "United States retains its sovereign immunity with respect to charges of deceit and misrepresentation—regardless of the technical terms in which they are framed."  *Id*.  (citing *Alexander v. United States*, 787 F.2d 1349 (9th Cir. 1986) (claim that government negligently failed to remove information from plaintiff's record that a state court had ordered expunged was a misrepresentation claim barred by 28 U.S.C. § 2680(h); *Bergman v. United States*, 751 F.2d 314 (10th Cir. 1984) (claim that government negligently failed to correct classification records was barred by § 2680(h), *cert. denied*, 474 U.S. 945 (1985)).  *See also Makowski v. United States*, 27 F. Supp. 3d 901 (N.D. Ill. 2014) (negligent misrepresentation claim triggered FTCA's intentional tort exception consistent with same finding in *Omegbu* and *Deloria*).

Against this backdrop, the Court now finds that Plaintiff's claims arise from deceit and misrepresentation and are barred under the FTCA's intentional tort exception, 28 U.S.C. § 2680(h).  Defendant's motion to dismiss both claims shall be granted.  Plaintiff's responsive motion seeks to expand his claims beyond the scope of his First Amended Complaint (Doc. 15) and Order for Service of Process (Doc. 18) to include claims (e.g., abuse of process, Privacy Act, HIPAA) that did not survive screening and/or trigger the FTCA's intentional tort exception.  He also asks the Court to simply strike or dismiss Defendant's pending motion.  These requests shall be denied.

7

Plaintiff will not be granted leave to file another amended complaint because it would be futile to do so. A plaintiff may plead himself "out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (quotation and citation omitted). Here, Plaintiff would have to do just that. No further amendment will be allowed.

## CONCLUSION

Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**, and Plaintiff's Motion to Dismiss (Doc. 40) is **DENIED**. **COUNTS 1** and **2** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under Rule 12(b)(6) and, alternatively, for lack of subject matter jurisdiction under Rule 12(b)(1). The Clerk of Court shall **CLOSE** this case and **ENTER** judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 7/31/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**